**Miguel Maria LOPEZ and Miguel Angel Ceja, Petitioners,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 05–73113.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.\*\*

Filed Dec. 28, 2007.

Enrique Ramirez, Esq., Law Office of Enrique Ramirez, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Patricia A. Smith, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM \*\*\*

Miguel Maria Lopez and his son, Miguel Angel Ceja, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying Maria Lopez's applications for asylum, withholding of removal, and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 n. 4 (9th Cir. 2003), we deny the petition.

Substantial evidence supports the BIA's conclusion that Maria Lopez failed to demonstrate past persecution. Maria Lopez testified that he was involved in one physical altercation with members of an opposing political party, and that afterwards, opposition members went to Maria–Lopez's home, wielding sticks and machetes. Even when considered cumulatively, these events, while unfortunate, do not compel a finding of past persecution. *See id.* at 1180–82 (harassment, threats and one beating did not compel finding of past persecution); *Prasad v. INS,* 47 F.3d 336,

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

339–40 (9th Cir.1995) (detention, interrogation, and beating did not compel finding of past persecution).

Substantial evidence also supports the BIA's determination that Maria Lopez failed to demonstrate a well-founded fear of persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003). Moreover, Maria Lopez testified that he could avoid persecution by living elsewhere in Mexico. *See Kaiser v. Ashcroft,* 390 F.3d 653, 659 (9th Cir.2004); 8 C.F.R. § 1208.13(b)(3)(i) (applicants who do not establish past persecution bear burden of establishing it would be unreasonable to relocate).

Because Petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

In their opening brief, Petitioners do not address, and therefore waive any challenge to the BIA's determination that Maria Lopez failed to establish eligibility for cancellation of removal. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir. 1996) (issues not specifically raised and argued in opening brief are waived).

**PETITION FOR REVIEW DENIED.**

---

* Michael B. Mukasey is substituted for his predecessor Alberto R. Gonzales, as Attorney General of the United States, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the